1  Marc Van Der Hout (California Bar # 80778)
   Beth Feinberg (California Bar # 240857)
2  Van Der Hout, Brigagliano & Nightingale, LLP
   180 Sutter Street, Fifth Floor
3  San Francisco, California 94104
   Telephone: (415) 981-3000
4  Facsimile: (415) 981-3003
   Email: ndca@vblaw.com
5
   Attorneys for Petitioner
6  Yihong GONG

7                                     E-filing

8

9                       UNITED STATES DISTRICT COURT FOR THE

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

   Yihong GONG                              Case No:
13
        Petitioner,
14                                          PETITION FOR
        v.                                  NATURALIZATION PURSUANT
15                                          TO 8 U.S.C. § 1447(b)
   Frank SICILIANO, in his Official Capacity, Field
16  Office Director, U.S. Citizenship and Immigration    Immigration Case
   Services, U.S. Department of Homeland Security, San
17  Jose, California; Rosemary MELVILLE, in her          USCIS No.: A75-833-419
   Official Capacity, District Director, U.S. Department
18  of Homeland Security, Citizenship and Immigration
   Services, San Francisco, California; Emilio T.
19  GONZALEZ, in his official Capacity, Director, U.S.
   Citizenship and Immigration Services, Department of
20  Homeland Security; Michael CHERTOFF, in his
   Official Capacity, Secretary, U.S. Department of
21  Homeland Security; Peter D. KEISLER, in his Official
   Capacity, Acting Attorney General, U.S. Department
22  of Justice; and Robert S. MUELLER, III, in his
   Official Capacity, Director, Federal Bureau of
23  Investigation

24      Respondents.

25

26

27

28

Petition for Naturalization                                          Case No. _____

## INTRODUCTION

1.    Petitioner Yihong GONG ("Petitioner"), files this Petition for Naturalization pursuant to section 336(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b), requesting that this Court adjudicate his application for naturalization and grant him naturalization or, if necessary, order that a hearing take place in this matter.

2.    Petitioner files this Petition for Naturalization because the United States Department of Homeland Security ("DHS") in San Jose, California, has failed to make a determination regarding his application for naturalization for well over 120 days since the naturalization examination was conducted at the United States Citizenship and Immigration Services ("USCIS") office in San Jose, California on September 15, 2004. See 8 U.S.C. § 1447(b). His application has now been pending for over three years since the date of his interview.

3.    Petitioner is a 44-year-old citizen and national of China, who has been a lawful permanent resident of the United States since September 8, 1998. See Declaration of Beth Feinberg ("Feinberg Dec.") at Exhibit ("Exh.") A. Petitioner filed his application for naturalization with USCIS on January 21, 2004. Id. at Exh. B. His naturalization interview was held in San Jose, California on September 15, 2004. Id. at Exh. C. He was subsequently informed that he had passed the naturalization examination but that a decision could not be made on his application because an "FBI Name Check" was still pending. Id.

4.    Petitioner meets all statutory requirements for naturalization. See 8 U.S.C. § 1427(a). However, in the over three years since he had his naturalization interview, DHS has taken no apparent action to adjudicate his naturalization application. See 8 U.S.C. § 1447(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 8 U.S.C. § 1447(b) (United States District Court may determine naturalization application when DHS has failed to determine the matter within 120 days of the date on which the naturalization examination was conducted); 28 U.S.C. § 2201 (Declaratory Judgment Act); and 28 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in San Jose, California, in the Northern District of California; and because the named petitioner resides in the Northern District of California, and there is no real property involved in this action. See also 8 U.S.C. § 1447(b) (venue proper in "district court for the district in which the applicant resides").

## INTRADISTRICT ASSIGNMENT

7. This action should be assigned to the San Jose Division because a substantial part of the events and omissions giving rise to this claim occurred within the jurisdiction of that division. See Local Rules 3-2(c), (d).

## PARTIES

8. Petitioner Yihong GONG is a citizen and national of China, and a lawful permanent resident of the United States. Petitioner resides in Saratoga, California, which is within the jurisdiction of this court.

9. Respondent Frank SICILIANO is the Field Office Director of the San Jose, California sub-office of the United States Citizenship and Immigration Services, and is sued

herein in his official capacity. In this capacity, he is responsible for applications for naturalization submitted within the San Jose District of USCIS (which is a sub-office of the San Francisco USCIS office).

10.     Respondent Rosemary MELVILLE is the District Director of the San Francisco District Office of the United States Citizenship and Immigration Services, and is sued herein in her official capacity. In this capacity, she is responsible for overseeing the adjudication of applications within the USCIS sub-offices of San Jose, Sacramento, and Fresno.

11.     Respondent Emilio T. GONZALEZ is the Director of USCIS, and is sued herein in his official capacity.

12.     Respondent Michael CHERTOFF is the Secretary of DHS, and is sued herein in his official capacity. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002). See 8 U.S.C. § 1103.

13.     Respondent Peter D. KEISLER is the Acting Attorney General of the United States, and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

14.     Respondent Robert S. MUELLER, III, is the Director of the Federal Bureau of Investigation ("FBI"), and is sued herein in his official capacity. In this capacity, he has responsibility for maintaining and providing access to criminal history record information.

## FACTS

15.     Petitioner is a 44-year-old citizen and national of China. See Feinberg Dec. at Exh. A. He has been a lawful permanent resident of the United States since September 8, 1998, after qualifying as an outstanding researcher or professor, pursuant to 8 U.S.C. § 1153(b)(1)(B).

Id. His approved Immigrant Petition for Alien Worker (Form I-140) was filed on his behalf by Carnegie Mellon University, which was his employer at that time. Id. Petitioner currently resides in Saratoga, California with his wife of over sixteen years, Xudong Xie. He works for NEC Laboratories America as the head of the Information Analysis and Management department.

16.    Petitioner filed his application for naturalization (Form N-400) with the USCIS California Service Center on January 21, 2004. Id. at Exh. B. He appeared for fingerprinting in connection with that application on March 2, 2004. Id.

17.    Petitioner meets all the statutory requirements for naturalization pursuant to 8 U.S.C. § 1427. He has resided continuously in the United States for over five years as a lawful permanent resident, and has been physically present in the United States for more than thirty months of the five year period prior to filing his application. See 8 U.S.C. §§ 1427(a)(1), (2). In addition, Petitioner always has been and remains a person of good moral character, and has absolutely no criminal record (of arrests or convictions). See 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10.

18.    Petitioner had his naturalization interview with USCIS Officer Zeman in San Jose, California on September 15, 2004. Id. at Exh. C. At the conclusion of that interview, Petitioner was informed that he passed the required tests for the examination but that a decision would not be made at that time on his application because an "FBI Name Check" was pending. Id.

19.    Petitioner has submitted three written inquires to the FBI, requesting an update as to the status of his name check. Id. at Exh. D. These inquiries were submitted on December 9, 2004, April 28, 2005, and March 7, 2006, respectively. Id. To date, Petitioner has not received a response to any of these inquiries. Id. at ¶ 5

Petition for Naturalization                    4                    Case No. _____

1    20.    Petitioner's wife, Xudong Xie, who was born in China, also filed her application

2    for naturalization with USCIS on January 21, 2004. Id. at ¶ 6, Exh. E. She had her

3    naturalization interview and passed the required tests for the examination on September 15, 2004,

4    the same day as Petitioner. Id. at ¶ 6. She was granted naturalization just over one month later,

5    and became a United States citizen on October 20, 2004. Id. at Exh. E.

6

7    21.    Well over 120 days have elapsed since Petitioner's September 15, 2004

8    naturalization interview – in fact, it has now been over three years. His application for

9    naturalization has not yet been adjudicated.

10

11    ## CAUSE OF ACTION
       ### COUNT ONE
12    ### (FAILURE TO RENDER DECISION ON NATURALIZATION
       ### WITHIN 120 DAYS OF INTERVIEW)
13

14    22.    The allegations contained in paragraphs 1 through 21 are repeated and realleged

15    as though fully set forth herein.

16    23.    The Department of Homeland Security has failed to adjudicate Petitioner's

17    application for naturalization within 120 days of Petitioner's naturalization examination.

18    Pursuant to 8 U.S.C. § 1447(b), the United States District Court for the district in which

19    Petitioner resides "has jurisdiction over the matter and may either determine or remand the

20    matter, with appropriate instructions, to the Service to determine the matter" if no action is taken

21    on a naturalization application within 120 days of completion of the examination. Petitioner was

22    interviewed on September 15, 2004, well over 120 days ago. Petitioner also meets all statutory

23    requirements for naturalization pursuant to 8 U.S.C. § 1427(a). Therefore, this Court has the

24    authority to adjudicate Petitioner's naturalization application.

25

26    //

27    //

28

//

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner prays that this Court grant the following relief:

(1)    Assume jurisdiction over this matter;

(2)    If necessary, order that a hearing take place in this matter;

(3)    Adjudicate Petitioner's application for naturalization and grant him naturalization;

(4)    Award reasonable costs and attorneys' fees; and

(5)    Grant such further relief as the Court deems just and proper.

Dated: September 21, 2007                    Respectfully submitted,

                                          Marc Van Der Hout (California Bar # 80778)
                                          Beth Feinberg (California Bar # 240857)
                                          Van Der Hout, Brigagliano & Nightingale, LLP
                                          180 Sutter Street, Fifth Floor
                                          San Francisco, California 94104

                                          Attorneys for Petitioner

                                 By: _Marc Van Der Hout/bf_
                                      Marc Van Der Hout